*In Re* The Right of Electors in the Military Service of the United States.

The following opinion was given under the provisions of Article XII, Section 2 of amendments of the Constitution of the State, by the Judges of the Supreme Court to the Governor.

*(1)   Elections.   Military Service of the United States.*

The right of an elector to vote in the election of all civil officers and on all questions "in all legal town or ward meetings," under Article II, Section 1 of the Constitution, or "in all legally organized town or ward meetings," under Article VII of Amendments, cannot be exercised by an elector otherwise than in person in said town or ward meetings, except as provided by Article IV of Amendments.

*(2)   Elections.   Military Service of the United States.*

The General Assembly cannot provide by law for the exercise of the right to vote other-where than "in legally organized town or ward meetings," except as provided by Article IV of Amendments.

*(3)   Elections.   Military Service of the United States.*

The words "military service of the United States," as used in Article IV of Amendments of the Constitution, include the naval service of the United States, and the language of the Article is sufficiently broad to empower the General Assembly to provide for the voting by all electors otherwise qualified in time of war "absent from the state in the actual military service of the United States," whether such service be in the army or navy, if the General Assembly shall see fit.

*(4)   Elections.   "Representatives in Congress."*

The words "representatives in congress," in Article IV of Amendments do not include senators in Congress.

*(5)   Elections.   "Senators in Congress."*

Pub. Laws, cap. 1034, § 8, approved April 21, 1914, amending Gen. Laws, 1909, cap. 11, § 58, so as to include in the provisions for voting by electors

absent from the State in the actual military service, etc., voting for "senators in congress," was unwarranted under Cons. R. I. Art. IV of Amendments.

*(6)   Elections.   "General Officers of State."*

The words "general officers of the state" in Article IV of Amendments do not include members of the General Assembly and officers of cities and towns.

SUPREME COURT,

February 19, 1918.

*To His Excellency R. Livingston Beeckman, Governor of the State of Rhode Island and Providence Plantations:*

We have received from Your Excellency a request for our opinion upon the following questions, viz.:

"1.   Can the right of an elector to vote in the election of all civil officers and on all questions 'in all legal town or ward meetings' under Article 2, Section 1 of the Constitution, or 'in all legally organized town or ward meetings' under Article 7 of Amendments, be exercised by an elector otherwise than in person in said town or ward meetings, except as provided by Article 4 of Amendments?

"2.   Can the General Assembly provide by law for the exercise of the right to vote other-where than 'in legally organized town or ward meetings,' except as provided by Article 4 of Amendments?

"3.   Do the words 'military service of the United States' in Article 4 of Amendments, include naval service of the United States?

"4.   Do the words 'representatives in Congress' in Article 4 of Amendments, include senators in Congress?

"5.   Do the words 'general officers of the State' in Article 4 of Amendments include members of the general assembly and officers of cities and towns?"

This court answers the above questions as follows:

1.   The first question we answer in the negative.

2.   The second question we answer in the negative.

3.   The third question we answer in the affirmative; we are of the opinion that the words in Article IV of Amendments adopted August, 1864, "military service of the

United States," coupled with the words which precede, viz.: "Electors of this state who, in time of war, are absent from the state in the actual military service of the United States," are broadly inclusive of all those who "being otherwise qualified," are "in the actual military service of the United States" in all branches of that service, which is sometimes called the "military establishment" of the United States, and all of whom are actually engaged in the prosecution of war. To hold otherwise would seem to us to be making a discrimination in favor of one class or certain classes of persons, and against another class or other classes, all of whom are entitled, under a fair construction of such broad and general provisions, to the same privileges with regard to voting.

It may be noted that the temporary provisions in said Article IV for delivery of ballots "to the officer commanding the regiment or company" to which the voter belongs, would seem to apply only to those electors in military service where the organization of the men was into regiments or companies, and so might be deemed to be inapplicable in branches of the service where organization into regiments or companies did not obtain; and it may further be noted that in the act passed June 15, 1898, by the General Assembly (See Chap. 584, Pub. Laws, June 15, 1898) and which now appears in Gen. Laws, R. I. 1909, in Chap. 11, § 58, *et seq.*, the same language is used as was found in the temporary provisions in said Article IV of Amendments, providing for delivery of ballots "to the officer commanding the regiment or company to which he belongs;" it thus appears that up to the time when these questions were submitted to this court the General Assembly had not attempted to make provision for taking of the votes of electors "in the actual military service of the United States," otherwise than as above stated. In our opinion, however, the express language of Article IV of Amendments, viz.: "The general assembly shall have full power to provide by law for carrying this article into effect," is sufficiently broad to empower the

General Assembly to provide for the voting by all electors otherwise qualified, in time of war, "absent from the state in the actual military service of the United States" whether such service be in the army or in the navy, if the General Assembly shall see fit.

4. The fourth question we answer in the negative; the words "representatives in congress" have always had both in our constitution and laws, and in the Constitution of the United States, a separate and distinct meaning from the words "senators in congress;" the provisions for the election of senators in congress have been distinct from the provisions regarding elections of representatives in congress; the qualifications required of senators differ from those required of representatives; the Senate of the United States and the House of Representatives are organized as separate and distinct bodies, and together constitute the "congress of the United States." See Const. of U. S. Art. I.

It may be noted in this connection that in an act passed by the General Assembly, approved April 21, 1914 (See Chap. 1034, Jan. Session, 1914), by Section 8 thereof, Sec 58. of Chap. 11, Gen. Laws of R. I. 1909, was amended so as to include in the provisions for voting by electors absent from the state in the actual military service, etc., voting for "senators" . . . "in congress;" this was the only addition made to the provisions of Section 58; in our opinion under the construction which we have above given, this addition was unwarranted.

5. The fifth question we answer in the negative; the words "general officers of the state" have always, in our constitution and laws, had reference to the governor, lieutenant-governor, secretary of state, attorney-general and general treasurer; the provisions of our constitution and laws for the election of these "general officers" and for the counting and declaration of the votes cast for them, have always been separate and distinct from those relating to the voting and for the counting of votes for members of the General Assembly and officers of cities and towns.

See Cons. of R. I. Art. VIII;  Art. IX, Sec. 3, Sec. 4; Article XI of Amendments;  Gen. Laws, R. I. 1909, Chaps. 14, 15, 19.

The statutes contain entirely distinct and independent provisions relating to voting and the counting and declaration of votes for officers of cities and towns.

See Gen. Laws, R. I. 1909, Title VIII.

<div align="right">

C. FRANK PARKHURST,
WILLIAM H. SWEETLAND,
WALTER B. VINCENT,
DARIUS BAKER,
CHARLES F. STEARNS.